IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 04 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

RON LESLIE       )
                 )
   Plaintiff,    )
                 )
                 )   CIVIL ACTION NO.:
   v.            )
                 )
1125 HAMMOND LP D/B/A SYNC   )   1:20-CV-4925
RESIDENTIAL, SUN HOLDINGS    )
GROUP D/B/A SYNC             )
RESIDENTIAL, and CHAD HEARD  )
                 )   JURY DEMAND
                 )
   Defendants.   )

## COMPLAINT

Comes now, Ron Leslie plaintiff, moves the Court for entry for the following.

1.

This is an action for legal and equitable relief to redress violations of the Centers For Disease Control and Prevention's Temporary Halt in Evictions To Prevent Further Spread of COVID-19 Order.

2.

This court has federal question jurisdiction under 28 USC 1331.

3.

Plaintiff is a natural person with disabilities living in Georgia who rented an apartment from the defendants for personal family and household purposes. This apartment is located at Sync Residential at Perimeter, 1125 Hammond Drive, Atlanta GA 30328.

4.

Defendant 1125 HAMMOND LP D/B/A SYNC RESIDENTIAL is a Foreign Limited Liability Company, regularly doing business in Fulton County. This defendant's registered agent is located in Fulton County, and is subject to the jurisdiction of this Court. At the time of filing of this complaint, defendant was the owner of Sync at Perimeter Apartments, formerly known as Citizen Perimeter Apartments.

5.

Defendant SUN HOLDINGS GROUP D/B/A SYNC RESIDENTIAL is a Foreign Limited Liability Company based in Houston, TX. The defendant is regularly doing business in Fulton County, and is subject to the jurisdiction of this Court. At the time of filing this complaint, defendant was the owner of Sync at Perimeter Apartments, formerly known as Citizen Perimeter Apartments.

6.

Defendant CHAD HEARD is employed by 1125 HAMMOND LP D/B/A SYNC RESIDENTIAL and SUN HOLDINGS GROUP D/B/A SYNC RESIDENTIAL as an assistant manager of Sync Residential at Perimeter Apartments.

## BACKGROUND

7.

The Centers for Disease Control and Prevention (CDC), located within the Department of Health and Human Services (HHS) announces the issuance of an Order under Section 361 of the Public Health Service Act to temporarily halt residential evictions to prevent the further spread of COVID-19.

8.

The dates of this Order are effective September 4, 2020 through December 31, 2020.

9.

There is currently a pandemic of a respiratory disease ("COVID-19") caused by a novel coronavirus (SARS-COV-2) that has now spread globally, including cases reported in all fifty states within the United States plus the District of Columbia and U.S. territories (excepting American Samoa). As of August 24, 2020, there were over 23,000,000 cases of COVID-19 globally resulting in over 800,000 deaths; over 5,500,000 cases have been identified in the United States, with new cases being reported daily and over 174,000 deaths due to the disease.

10.

The virus that causes COVID-19 spreads very easily and sustainably between people who are in close contact with one another (within about 6 feet), mainly

through respiratory droplets produced when an infected person coughs, sneezes, or talks. Some people without symptoms may be able to spread the virus. Among adults, the risk for severe illness from COVID-19 increases with age, with older adults at highest risk. Severe illness means that persons with COVID-19 may require hospitalization, intensive care, or a ventilator to help them breathe, and may be fatal. People of any age with certain underlying medical conditions, such as cancer, an immunocompromised state, obesity, serious heart conditions, and diabetes, are at increased risk for severe illness from COVID-19.

11.

Evicted renters must move, which leads to multiple outcomes that increase the risk of COVID-19 spread. Evicted individuals without access to housing or assistance options may also contribute to the homeless population, including older adults or those with underlying medical conditions, who are more at risk for severe illness from COVID-19 than the general population.

## **SUMMARY OF FACTS**

12.

On or around September 3, 2020, the plaintiff submitted a notarized DECLARATION UNDER PENALTY OF PERJURY FOR THE CENTERS FOR DISEASE CONTROL AND PREVENTION'S TEMPORARY HALT IN EVICTIONS TO PREVENT FURTHER SPREAD OF COVID-19 to the defendants.

13.

On or around October 29, 2020, despite receiving the plaintiff's declaration, Chad Heard, on behalf of all defendants, gave Fulton Deputy Marshal McCullough keys to the plaintiff's apartment rental unit with the intention of evicting the plaintiff and an eviction of the plaintiff was initiated.

14.

The defendant's actions were grossly negligent and deliberate, and these actions have had an immeasurable traumatizing effect on the plaintiff.

15.

Under 18 U.S.C. 3559, 3571; 42 U.S.C. 271; and 42 CFR 70.18, a person violating this Order may be subject to a fine of no more than $100,000 if the violation does not result in a death or one year in jail, or both, or a fine of no more than $250,000 if the violation results in a death or one year in jail, or both, or as otherwise provided by law. An organization violating this Order may be subject to a fine of no more than $200,000 per event if the violation does not result in a death or $500,000 per event if the violation results in a death or as otherwise provided by law. Federal cause of action under these federal statutes is implied.

16.

The plaintiff is entitled to emotional and physical distress damages in the amount of $500,000.

17.

The plaintiff is entitled to punitive damages in the amount of $200,000 for willful violations of the defendants.

18.

Because of the intentional nature of defendants' conduct, the defendants are liable for treble damages.

19.

Plaintiff is entitled to reasonable attorney fees.

WHEREFORE, Plaintiff prays,

1. For damages and fees as set out above;

2. For Punitive Damages $200,000

4. For Treble damages

5. For Emotional and Physical distress damages $500,000

7. For attorney fees and costs;

8. For jury trial; and

9. For such other and further relief as is just and proper

Respectfully submitted,

*[signature]*
12/04/2020

*[Notary seal: JAMIE LYN FAZIO, NOTARY PUBLIC, EXPIRES September 27, 2022, GEORGIA, FULTON COUNTY]*

*[signature]*

Ron Leslie, plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2020, I filed the foregoing **COMPLAINT** with the Clerk of the IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION in person, and served a true and correct copy of the foregoing on the following party via process service:

Registered Agents:

Sync at Perimeter
1125 Hammond Dr.,
Sandy Springs, GA 30328

Sun Holdings Group
770 South Post Oak Lane
Suite 500
Houston, TX 77056

Dated: December 4, 2020

Ron Leslie, Plaintiff

Jamie Lyn Fazio
12/04/2020

[Notary Seal: Jamie Lyn Fazio, Notary Public, Georgia, Fulton County, Expires September 27, 2022]